IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL GRADY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL CASE NO. 02-1087-JPG |
| ) | |
| RANDY DAVIS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter is before the Court on Michael Grady's Amended Petition for a Writ of Habeas Corpus (Doc. No. 27). Grady is an inmate at USP-Marion. Randy Davis, the current warden, is substituted for E.A. Stepp pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Grady brought this action pursuant to 28 U.S.C. § 2241. He challenges his October, 1999, conviction in the Eastern District of Missouri. He plead guilty to conspiring to possess and distribute heroin on October 18, 1999, and is serving a prison sentence of 112 months. Grady claims that his confinement violates his Fifth Amendment right to due process of law because (1) there may have been an insufficient number of grand jurors or an insufficient number of votes cast when he was indicted and (2) he is actually innocent of the offense because he could not have conspired with the individuals named in the superceding indictment as co-conspirators.

Grady challenged his conviction on direct appeal. While the appeal was pending, he filed a motion asking that the grand jury proceedings be transcribed to accompany the record on appeal. That motion was denied, and Grady appealed from the order denying his motion. While the appeals were pending, Grady filed a motion to withdraw his guilty plea. That motion was denied.

The Court of Appeals affirmed Grady's conviction, finding that the prosecution's failure to include drug quantity as an element of the offense was not an *Apprendi* violation. The Court

of Appeals also found that the District Court did not abuse its discretion by denying Grady's motion to include grand jury minutes in the record on appeal. *U.S. v. Grady*, 242 F.3d. 377 (8th Cir. 2000). Grady's motion for rehearing was denied. The Supreme Court denied Grady's petition for a writ of certiorari and his motion for rehearing.

On December 6, 2001, Grady filed a motion for a record of grand jury proceedings. The District Court denied this motion, as well as Grady's motions for reconsideration and other relief. Grady appealed the denial of these motions. The Court of Appeals affirmed the District Court's rulings on these post-trial motions. *Grady v. U.S.* Nos. 02-1040, 02-1625 (8th Cir. August 28, 2002). Grady's petitions for rehearing were denied.

While the appeals were pending, Grady filed a § 2255 motion, later amended, then denied. His effort to obtain a certificate of appealability was unsuccessful. Grady's subsequent motion for leave to file a "first" § 2255 motion was also denied, along with his motion for reconsideration, a request regarding grand jury proceedings, and a motion to dismiss the indictment.

On February 7, 2003, the District Court determined that Grady had exhausted his available remedies and ordered the Clerk to not accept any more filings from Grady regarding his case. Grady's efforts to appeal that order were unsuccessful, and his motion to recall the mandate dismissing his appeal was denied. Grady's petitions for rehearing were denied, and his motion to disqualify the District Judge was also denied.

The Court of Appeals denied Grady's motion for leave to file a successive § 2255 petition.

Respondent argues that Grady's claims are not cognizable because the claims directly attack his conviction and he has not shown that § 2555 is inadequate or ineffective to test the legality of his detention. Grady does not contest this argument.

Section 2255 is the exclusive means for a federal prisoner to attack his conviction unless

petitioner can show that the remedy is "inadequate or ineffective to test the legality of [his] detention." 28 U.S.C. § 2255. Grady can proceed with a habeas claim under § 2241 if the statutory restrictions in § 2255 prevent him from obtaining review of his conviction on a legal theory that establishes actual innocence. *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Specifically, he must advance non-frivolous claims of actual innocence and show that this claims arise from a change in the law that eludes the provision for filing a successive § 2255 motion. *Id*.; *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Grady's challenges to the grand jury proceedings and the sufficiency of the superceding indictment could have been raised on direct appeal. Those claims were also cognizable under § 2255 if Grady could show cause and prejudice from his failure to raise the claims on appeal. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Grady cannot bring claims under § 2241 simply because he did not prevail on his direct appeal, did not prevail on his § 2255 motion, and was unable to persuade the Court of Appeals to grant permission to file a successive § 2255 motion. *In re Davenport*, 147 F.3d at 909-610.

Because Grady has not demonstrated that § 2255 is an inadequate or ineffective vehicle to test the validity of his conviction, he may not challenge his 1999 conviction for conspiracy to possess and distribute heroin as a habeas claim under § 2241.

IT IS RECOMMENDED that Michael Grady's Amended Petition for a Writ of Habeas Corpus (Doc. No. 27) be DENIED. This action should be dismissed with prejudice.

**SUBMITTED:   April 20, 2005  .**

                                          *s/Philip M. Frazier*
                                          **PHILIP M. FRAZIER**
                                          **UNITED STATES MAGISTRATE JUDGE**